## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:23-CV-00146-RJC-SCR

| | | |
|---|---|---|
| THOMAS REID, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STEVEN SCARBOROUGH, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on "Defendants' Motion to Dismiss Plaintiff's Complaint in Lieu of Answer" (Doc. No. 3) filed March 15, 2023, and Plaintiff's "Motion to Amend the Complaint" (Doc. No 10) filed August 28, 2023, as well as the parties' briefs and exhibits. (Doc. Nos. 4, 7, 9, 10-1 & 11).

Rule 15 of the Federal Rules of Civil Procedure governs amendments to pleadings. Rule 15(a)(1) grants a party the right to "amend its pleading once as a matter of course," if done within 21 days after serving the pleading, Fed. R. Civ. P. 15(a)(1)(A), or "if the pleading is one to which a responsive pleading is required," a party may amend once as a matter of course, provided that it does so within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). The Rule further provides that leave to amend shall be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

"A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile."

Equal Rts. Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Laber v. Harvey, 438 F.3d 404, 426 (4th Cir.2006)(en banc)).

Plaintiff credibly asserts that at the time of the filing of the Complaint, he "did not know the identity of a key actor in the claims against Defendants," who was initially identified as the first John Doe. (Doc. No. 10 at 2). He seeks leave to amend to identify that John Doe, and to assert additional supporting facts that arise from the position held by that individual. Id. As Plaintiff notes, discovery has not yet begun. Id. Leave to amend is appropriate at this point in the proceedings, and the Court finds the proposed amendment is not futile and will not cause prejudice or undue delay. See Fed. R. Civ. P. 15(a)(2).

For those reasons as well as the other reasons stated in Plaintiff's brief, his "Motion to Amend the Complaint" (Doc. No. 10) is granted.

It is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Hall v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., No. 3:10-CV-418-RJC-DSC, 2011 WL 4014315, at *1 (W.D.N.C. June 21, 2011); Young v. City of Mount Ranier, 238 F.3d 567, 572-73 (4th Cir. 2001).

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's "Motion to Amend the Complaint" (Doc. No. 10) is **GRANTED**. Plaintiff shall file his Amended Complaint within ten days of this Order.

2. "Defendants' Motion to Dismiss Plaintiff's Complaint in Lieu of Answer" (Doc. No. 3) is administratively **DENIED** as moot without prejudice.

2. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: September 19, 2023

Susan C. Rodriguez
United States Magistrate Judge