UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-00146-RJC-SCR

| THOMAS REID, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| OFFICER STEVEN SCARBOROUGH, in his official and individual capacity, and TOWN OF DALLAS, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants' Motion to Dismiss, (Doc. No. 14), the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 19), Defendants' Objection to the M&R, (Doc. No. 20), and related pleadings. For the reasons explained below, the Court **ADOPTS** the M&R and **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. STANDARD OF REVIEW

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A) & (B). The Federal Magistrate Act provides that a district

1

court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Id.* Likewise, merely reiterating the same arguments made in the pleadings or motion submitted to the Magistrate Judge does not warrant de novo review. *See United States v. Midgette*, 478 F.3d 616, 620–21 (4th Cir. 2007); *Durkee v. C.H. Robinson Worldwide, Inc.*, 765 F. Supp. 2d 742, 747 (W.D.N.C. 2011), *aff'd sub nom.*, *Durkee v. Geologic Sols., Inc.*, 502 F. App'x 326 (4th Cir. 2013).

The standard of review for a motion to dismiss is well known. "A motion to dismiss under Rule 12(b)(6) 'challenges the legal sufficiency of a complaint,' including whether it meets the pleading standard of Rule 8(a)(2)." *Fed. Nat'l Mortg. Ass'n v. Quicksilver LLC*, 155 F. Supp. 3d 535, 542 (M.D.N.C. 2015) (quoting *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009)). A complaint attacked under Rule 12(b)(6) will survive if it contains enough factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An allegation is facially plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, but "[t]hreadbare recitals of

2

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are not necessary, and the statement need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (alteration omitted). Additionally, when ruling on a motion to dismiss, a court must "view the complaint in a light most favorable to the plaintiff," *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), accept the complaint's factual allegations as true, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and refrain from weighing the facts or assessing the evidence. *Potomac Conf. Corp. of Seventh-Day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Nonetheless, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), and though the Court views the facts in the light most favorable to the plaintiff, a complaint tendering "naked assertions devoid of further factual enhancement" cannot proceed. *Iqbal*, 556 U.S. at 678.

### III. DISCUSSION

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a de novo determination of any portion of an M&R to which specific written objection has been made. Defendants object to the M&R on grounds that: (1) the Magistrate Judge erred in recommending that this Court deny Defendants' Motion to Dismiss as to Plaintiff's Fourth Amendment claims against Officer

3

Scarborough in his individual capacity and in finding that the Amended Complaint states factual allegations sufficient to overcome the doctrine of qualified immunity; (2) the Magistrate Judge erred in recommending that this Court deny Defendants' Motion to Dismiss as to Plaintiff's claim for malicious prosecution against Officer Scarborough and in finding that the Amended Complaint states factual allegations sufficient to overcome the doctrine of public official immunity as to that claim; and (3) the Magistrate Judge erred in recommending that this Court deny Defendants' Motion to Dismiss as to Plaintiff's state law claims against the Town of Dallas and in finding that the Amended Complaint states factual allegations sufficient to overcome the governmental immunity. (Doc. No. 20 at 8–21).

### A. Plaintiff's Fourth Amendment Claims Against Officer Scarborough in his Individual Capacity

With respect to Plaintiff's Fourth Amendment claims under theories of false arrest and malicious prosecution, the Magistrate Judge determined that "[a]dditional development is needed before the Court can rule as a matter of law whether a reasonable officer would believe that probable cause existed to arrest Plaintiff under N.C. Gen. Stat § 14-223." (Doc. No. 19 at 12). The Magistrate Judge found that "the Court is unable to determine whether constitutional violations occurred and whether such alleged violations were clearly established." (*Id.* (citing *Hupp v. Cook*, 931 F.3d 307, 320 (4th Cir. 2019) (finding questions of fact existed on Fourth Amendment false arrest claim as to whether plaintiff failed to comply with officer's order to step aside and noting "[c]learly, there is a dispute as to whether Hupp refused to comply with Trooper Cook's orders or was even given the opportunity to comply with them before

she was arrested mere seconds later"); *Adams v. City of Graham*, No. 1:22CV906, 2024 WL 888732, at *5–6 (M.D.N.C. Feb. 28, 2024) (recommending denial of motion to dismiss Fourth Amendment claim without prejudice to be raised again at summary judgment and noting "Defendant asks the Court to make factual determinations at odds with what is pleaded in the Complaint in order to conclude that he had probable cause to believe that disorderly conduct was occurring or about to occur"))).

Defendants, restating arguments already made, object on grounds that "[a] review of Plaintiff's Amended Complaint shows that the information known to Officer Scarborough at the time of Plaintiff's arrest would lead a reasonable officer to conclude that probable cause existed to arrest Plaintiff for willful and unlawful resistance, delay, or obstruction of a public officer." (Doc. No. 20 at 8). Despite the Magistrate Judge's finding that questions of fact preclude the Court from ruling as a matter of law whether a reasonable officer would believe that probable cause existed to arrest Plaintiff under N.C. Gen. Stat § 14-223 at this stage, Defendants argue that the totality of the circumstances known to Officer Scarborough establish that an objective law enforcement officer reasonably could have believed that probable cause to arrest Plaintiff existed. (Doc. No. 20 at 10). Defendants cite the following facts in support of their objection:

- Officer Scarborough, who was on scene to conduct the investigation of the automobile accident, was asked to come over and speak to Plaintiff. (Doc. No. 20 at 11 (citing Doc. No. 13 at ¶14)).
- At that time, Officer Scarborough directed Plaintiff multiple times to move over with him to discuss what was happening, which Plaintiff refused to do. *(Id.* (citing Doc. No. 13 at ¶¶19-20)).

5

- While Plaintiff asked if he was being detained and if Officer Scarborough's direction was "a lawful order," (*Id.* (citing Doc. No. 13 at ¶¶20–21)), such questions do not relieve Plaintiff from complying with Officer Scarborough's directions. To be sure, the Plaintiff could have easily posed those questions and discussed the situation with Officer Scarborough had he moved away with the Officer.
- Failing to do so impeded the Officer's ability to remedy the situation and continue with his investigation. (*Id.*).

Defendants fail to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R or otherwise rebut its sound reasoning. The Court agrees with the M&R's conclusion that further factual development is needed to evaluate whether a reasonable officer would believe that probable cause existed to arrest Plaintiff under N.C. Gen. Stat § 14-223. As the M&R correctly notes, "there are facts in dispute about what actually transpired." (Doc. No. 19 at 11). For example, Plaintiff alleges that the Officer did not have probable cause and that the underlying probable cause finding was based on fraudulent statements. (*Id.*). Specifically, Plaintiff contends that contrary to "false allegations," Plaintiff was never ordered to leave the scene of the accident by anybody, including officers and emergency personnel. (*Id.* (citing Doc. No. 13 ¶¶ 63–66)). The Court agrees that at this early stage, there is not yet a sufficient record to evaluate whether a reasonable officer would believe that probable cause existed to arrest Plaintiff under N.C. Gen. Stat § 14-223. Therefore, the Court adopts the M&R's recommendation to deny Defendants' Motion to Dismiss as to Plaintiff's Fourth Amendment false arrest and malicious prosecution claims without prejudice to be re-raised at a later stage as appropriate.

6

### B. Plaintiff's State Law Claim for Malicious Prosecution Against Officer Scarborough

With respect to Plaintiff's state law claim for malicious prosecution, the Magistrate Judge similarly determined that "further development is needed to determine the facts surrounding Plaintiff's arrest and prosecution and whether probable cause existed to initiate and participate in prosecuting Plaintiff under N.C. Gen. Stat. § 14-223." (Doc. No. 19 at 23). The Magistrate Judge further concluded that "additional development is also required to determine if Plaintiff is entitled to public official immunity on his malicious prosecution claim." (*Id.* (citing *Hupp*, 931 F.3d at 326 (reversing district court's grant of summary judgment on malicious prosecution claim based on immunity grounds under West Virginia law where questions of fact existed as to whether probable caused existed for plaintiff's arrest and prosecution))).

Despite the Magistrate Judge's finding that the issue of public official immunity in the context of Plaintiff's state law claim for malicious prosecution is premature, Defendants object on grounds that "Plaintiff cannot establish lack of probable cause" and thus, "cannot state a prima facie case of state law malicious prosecution." (Doc. No. 20 at 15). Defendants fail to state a specific objection directing the Court to a specific error in the Magistrate Judge's M&R or otherwise rebut its sound reasoning. The Court agrees with the M&R's conclusion that further factual development is needed and that the issue of public official immunity is premature. The Court, therefore, adopts the M&R's recommendation to deny Defendants' Motion to Dismiss as to Plaintiff's state law claim for malicious prosecution without prejudice

7

to be re-raised at a later stage as appropriate.

### C. Plaintiff's State Law Claims Against the Town of Dallas

Plaintiff brings various state law claims against the Town of Dallas for Officer Scarborough's actions. With respect to governmental immunity, the Magistrate Judge found that the "Town is a municipality that is subject to governmental immunity from claims arising out of its performance of governmental functions." (Doc No. 19 at 25). The Magistrate Judge further determined that "Plaintiff's Complaint alleges facts arising from police services provided by the Town, which is a governmental function generally covered by governmental immunity." (*Id.*).

The parties' dispute concerns whether the Town waived its governmental immunity from the state law tort claims either by participation in a government risk pool or through the purchase of commercial insurance that will indemnify the Town and its agents for any judgment against it or its agents named in this action. Defendants argued that the Town did not waive governmental immunity for the state law claims because its insurance policy contains non-waiver of immunity provisions. (*Id.* (citing Doc. No. 18 at 6–8)). As the Magistrate Judge noted, Defendants attached to their reply brief a General Liability/Professional Liability insurance policy listing the Town of Dallas as the insured, effective July 1, 2021 and point to a provision and condition stating that the Town did not waive governmental immunity through the purchase of the policy. (Doc. No. 19 at 25–26).

In considering the provision's applicability to this case, the Magistrate Judge found that "[w]hile such anti-waiver provisions may be enforceable, that does not end

8

the inquiry here." (*Id.* at 26). The Magistrate Judge determined that "Plaintiff has presented sufficient allegations at this stage, and Defendants have not presented all necessary information that the Town has, in fact, not waived governmental immunity." (*Id.* at 27). For example, the Magistrate Judge noted that Defendants' insurance policy was not accompanied by any affidavit or other document indicating its authenticity. (*Id.* at 26). And the Magistrate Judge observed that it remained unclear whether the insurance policy provided is the Town's only insurance policy. (*Id.*). The Magistrate Judge further pointed out that Defendants failed to address Plaintiff's allegation that the Town participates in a local government risk pool. (*Id.* at 26 (citing (Doc. No. 13 ¶ 50); N.C. Gen. Stat. § 160A-485(a) ("Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance. Participation in a local government risk pool pursuant to Article 23 of General Statute Chapter 58 shall be deemed to be the purchase of insurance for the purposes of this section."); *McClure v. Charlotte-Mecklenburg Bd. Of Educ.*, No. 3:20-CV-00005-KDB-DCK, 2022 WL 317641, at *3–4 (W.D.N.C. Feb. 2, 2022) (considering affidavit submitted by school board's insurance plan administrator to support governmental immunity argument and denying motion to dismiss on governmental immunity grounds where factual issues existed regarding insurance policy and court was required to construe all reasonable inferences from disputed facts in favor of plaintiff's allegations))).

Defendants now object to the M&R on two grounds: (1) that the M&R's recommendations do not touch upon the substance of the policy, its anti-waiver

provision, or its applicability to this case; (2) that no state claims remain against the Town. (Doc. No. 20 at 17). Both objections lack merit. Contrary to Defendants' objections, the Magistrate Judge considered the applicable provision of Defendants' General Liability/Professional Liability insurance policy. In considering the anti-waiver provision and its applicability to this case, the Magistrate Judge correctly noted that Defendants' reply brief attaching the insurance policy was not accompanied by any affidavit or other document indicating its authenticity or whether the insurance policy is the Town's only insurance policy. Thus, the Magistrate Judge determined that "[w]hile such anti-waiver provisions may be enforceable, that does not end the inquiry here." (Doc. No. 19 at 26). Accordingly, the Magistrate Judge recommended that Defendants' Motion to Dismiss Plaintiff's state law claims against the Town be denied without prejudice to be re-raised as appropriate. (*Id.* at 29). Given that the Magistrate Judge was unable to determine from the record the insurance policy's authenticity, whether it was the Town's only applicable insurance policy, or whether the Town participates in a local government risk pool, the Court agrees that Defendants failed to provide all necessary information that the Town has, in fact, not waived governmental immunity at this stage.

The Court acknowledges that Defendants have since filed an affidavit addressing the concerns identified by the Magistrate Judge. (Doc. No. 20-1). And the Court observes that Plaintiff now disputes the sufficiency of Defendants' affidavit in its Reply to Defendants' objections. (Doc. No. 21 at 6–8). "In reviewing a magistrate

judge's recommendations, a district court may consider new evidence from an objecting party." *Hornsby v. United States*, No. 2:22cv427, 2023 U.S. Dist. LEXIS 224002, at *6 (E.D. Va. Dec. 15, 2023) (citations omitted). "However, attempts to raise new evidence during a district court's review of an [M&R] are disfavored." *Id*. Here, Defendants fail to direct the Court to a specific error in the Magistrate Judge's M&R or otherwise rebut its sound reasoning. Further, Defendants fail to provide any justification for their failure to present evidence sufficient to demonstrate that the Town has not waived governmental immunity to the Magistrate Judge. Accordingly, considering the record that was before the Magistrate Judge, the Court agrees with the Magistrate Judge's recommendation that Defendants' Motion to Dismiss Plaintiff's state law claims against the Town based on governmental immunity be denied without prejudice to be re-raised at a later stage.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 23), is **ADOPTED**;
2. Defendants' Motion to Dismiss Plaintiff's Complaint in Lieu of an Answer, (Doc. No. 14), is **GRANTED IN PART** and **DENIED IN PART**.
3. Defendants' Motion to Dismiss Plaintiff's First Amendment claim and Fourth Amendment excessive force claim against Officer Scarborough individually is **GRANTED;**
4. Defendants' Motion to Dismiss Plaintiff's Fourth Amendment false arrest and Fourth Amendment malicious prosecution claims against Officer

Scarborough individually is **DENIED WITHOUT PREJUDICE** to be re-raised at a later stage in this litigation as appropriate;

5. Defendants' Motion to Dismiss Plaintiff's constitutional claims against the Town is **GRANTED**;

6. Defendants' Motion to Dismiss Plaintiff's state law claims against Officer Scarborough individually is **GRANTED** as to all state law claims except the malicious prosecution and **DENIED WITHOUT PREJDUCE** to be re-raised at a later stage in this litigation as appropriate as to the malicious prosecution state law claim;

7. Defendants' Motion to Dismiss Plaintiff's state law claims against the Town is **DENIED WITHOUT PREJUDCE** to be re-raised as appropriate;

8. Defendants' Motion to Dismiss Plaintiff's direct claims under the North Carolina Constitution is **GRANTED**;

9. Defendants' Motion to Dismiss Plaintiff's claims against the Officer Scarborough in his official capacity is **GRANTED**.

Signed: September 24, 2024

Robert J. Conrad, Jr.
United States District Judge